

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SA  　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
　　　　　　　　　　　　　　　　　　*Brooklyn, New York  11201*

July 20, 2012

<u>Via ECF and HAND</u>
The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　Re:  <u>United States v. Elome Guinn</u>
　　　　　　 <u>Criminal Docket No. 10-797(SLT)</u>

Dear Judge Ross:

　　　　The government submits this letter in anticipation of the defendant's sentencing, scheduled for 11:00 a.m., Friday, July 20, 2012.  In summary, the government submits that the defendant should be sentenced at or near the statutory maximum of 96 months given the defendant's criminal history and the significance of the defendant's criminal conduct in this case.

**I. <u>Background</u>**

　　　　As set forth in the Presentence Investigation Report ("PSR"), GUINN has previously been convicted in 1996 of Manslaughter in the 1st Degree: With Intent to Cause Serious Physical Injury, in which he, acting in concert with others, killed a man because he "wanted to prove his toughness by shooting the man in the chest."  For intentionally killing someone by shooting him in the chest, the defendant served only 54 months in custody.

　　　　Thereafter, GUINN returned to the streets of Staten Island was convicted in September 2004 for Assault in the 2nd Degree: Intent to Cause Physical Injury with a Weapon.  According to the PSR, GUINN threatened a witness who reportedly was to testify in a state case when he and another broke into an apartment and violently pistol-whipped the purported witness in the head with a firearm.  Then again, shortly after his release from prison, GUINN was convicted for the possession of a weapon in the third degree, a stun gun, that was seized from the

defendant's house in November 2009 in connection with the search related to the case.

Subsequently, the defendant was charged in this case, with his illegal possession of a bullet proof vest and for lying to authorities who were investigating a shooting and a series of homicides that occurred on Staten Island during that time period. During that investigation, the defendant was interviewed by law enforcement regarding his knowledge of a fight and a shooting at a party hall located in the Arlington neighborhood of Staten Island at 201 Arlington Avenue. During the fight, GUINN and a number of his close criminal associates to include JERMAINE DICKERSEN, also known as "Big Den," and DION NELSON, also known as "Booquan," all of whom were members of a crew from the Arlington neighborhood of Staten Island, assaulted members of a rival crew from the Port Richmond neighborhood of Staten Island, known as the Gorilla Bloods. As a result of the fight, one member of the Gorilla Bloods had his jaw broken and another was shot. Later that morning, members of the Gorilla Bloods, to include DEXTER WAITERS, also known as "Bugotti," and DONTAE SEBBERN, also known as "Killa Don," and "KD," returned to Arlington and shot and killed DICKERSEN in retaliation for the shooting and fight. Having been advised of his <u>Miranda</u> rights and that it was a crime to lie to a Federal officer, the defendant falsely recounted critical events related to the earlier fight at the party.

The Guidelines in this case are driven by the grouping of section 2K2.6(a), the applicable Guideline for the illegal possession of body armor by a previously convicted violent felon, and section 2B1.1(a)(2), the applicable Guideline for false statements. After the multiple count adjustment and decrease for acceptance of responsibility, the defendant's adjusted guidelines are calculated at 10 which results in a Guidelines range of 21 to 27 months.

II. **Argument**

Given the above facts, the government submits that an upward departure is warranted in this case as the Guidelines fail to account for the defendant's criminal history and key conduct relevant to the defendant's conviction. Section 4A1.3 of the Guidelines advises that an upward departure is warranted when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." In light of the fact that GUINN was convicted in 1996 for the killing of victim whom he shot because he "wanted to prove his toughness by shooting the man in the chest," given that after his release on that case GUINN violently assaulted and threatened an individual that he

believed was going to testify in a state proceeding, and given that shortly after his release from that case, GUINN was arrested in possession of a bullet-proof vest and he had .357 magnum buried in his back yard, the government submits that the "likelihood that the defendant will commit other crimes" cannot be overstated.

Likewise, as set forth in the PSR, the Guidelines in this case simply do not adequately account for the defendant's additional uncharged criminal conduct and upward departure on that basis, pursuant to Section 4A1.3, is appropriate too. Significantly, the Guidelines and the state sentence do not account for (1) the defendant's illegal possession of .357 magnum recovered buried in the defendant's back yard, and (2) the defendant's involvement in the November 7, 2009 violent gang-related dispute at 201 Arlington Avenue in Staten Island - where one victim had his jaw broken and another was shot - that led to the retaliatory murder of JERMAINE DICKERSEN later that morning.

The defendant suggests in his letter to the court that the government has somehow inappropriately prosecuted the defendant for a completed state prosecution. Nothing could be farther from the truth. ELOME GUINN was charged in this case because the federal government believes - and the defendant's criminal conduct and history proves - that he has never been held appropriately accountable by the state of New York for his criminality, his involvement in extraordinarily serious crimes, and generally, for the clear danger he poses to the community on Staten Island. It is appropriate now for this Court to hold him accountable and to sentence the defendant to the statutory maximum allowed in this case.

## II. Conclusion

Given the above, and in consideration of all the factors set out in 18 U.S.C. § 3553(a), the government respectfully submits that a sentence at or near the statutory maximum of 96 months would be appropriate in this case.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

By:        /S/               
     Shreve Ariail
     Assistant U. S. Attorney
     (718) 254-6616

cc: Michael Gold, Esq. (By EMAIL and ECF)